# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6667 | **DATE** | 2/2/2004 |
| **CASE TITLE** | Neish vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to amend complaint to dismiss the Department of Revenue as a defendant and to add plaintiffs Bea Reyna-Hickey and Catherine Murray in their individual capacities (11-1) is granted. The amended complaint shall be filed within 14 days. Defendants' motion to dismiss (9-1) in part plaintiff's complaint is also granted. Defendants' motion to strike plaintiff's prayer for punitive damages, with respect to the City of Chicago is stricken. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 2-3-04 date docketed | |
| | Notified counsel by telephone. | | | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/2/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLIVE W. NEISH, )
)
        Plaintiff, )
)
v. ) No. 03 C 6667
)
CITY OF CHICAGO, CHICAGO )
DEPARTMENT OF REVENUE, BEA )
REYNA-HICKEY, in her official )
capacity, and CATHERINE MURRAY, )
in her official capacity, )
)
        Defendants. )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clive W. Neish, an African-American male, was employed by defendant Chicago Department of Revenue from February 16, 1991 until his termination on March 1, 2003. Mr. Neish was employed as an attorney and was allegedly terminated for violating the defendant City of Chicago's policy regarding secondary employment. Defendant Bea Reyna-Hickey is the Director and Chief Administrative Officer of the Department of Revenue and defendant Catherine Murray is the Deputy Director of the Department of Revenue and the Chief Administrative Officer of the Cost Recovery and Collection Division, a sub-division of the Department of Revenue. Mr. Neish claims that defendants have violated his rights under Title VII, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, the First Amendment, and the Due Process clause of the Fourteenth Amendment. Mr. Neish moves to dismiss the Department of Revenue

17

and amend his complaint. Defendants also move to partially dismiss the complaint. I GRANT Mr. Neish's motion and GRANT defendants' motion.

I.

Mr. Neish moves to dismiss the Department of Revenue as a defendant, stating that the Department of Revenue is not a proper defendant as it is not a separate legal entity from the City of Chicago. Defendants make no objection to this dismissal, and I GRANT this portion of Mr. Neish's motion.

Mr. Neish also moves to add Bea Reyna-Hickey and Catherine Murray in their individual capacities. The complaint identifies both Ms. Reyna-Hickey and Ms. Murray in their official capacities. Mr. Neish's motion to add Ms. Reyna-Hickey and Ms. Murray in their individual capacities is GRANTED. The amended complaint shall be filed within 14 days.

II.

Defendants move to dismiss portions of Mr. Neish's complaint. On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and grant the motion only if the plaintiff can prove no set of facts to support the allegations in her claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

Counts III and IV allege sex discrimination for Mr. Neish's termination and race discrimination for failure to promote Mr.

Neish, respectively, both in violation of Title VII, 42 U.S.C. § 2000e et seq. Defendants move to dismiss these claims on the basis that the claims go beyond the scope of Mr. Neish's Equal Employment Opportunity Commission ("EEOC") charge. Title VII claims are generally limited to those included in the complainant's EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). The lawsuit claims must be "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)).

Mr. Neish's EEOC charge alleges race discrimination on the part of the City of Chicago for terminating him. No mention is made of sex discrimination, nor of Mr. Neish being passed over for a promotion. Mr. Neish did not even check the box on the EEOC charge that would indicate sex discrimination. *See, e.g., Bruce v. City of Chicago*, No. 96-C5420, 1997 WL 201558, at *2 (N.D. Ill. Apr. 17, 1997). Counts III and IV do not even involve the same conduct or individuals as Mr. Neish's EEOC charge; failure to promote is not the same conduct as termination and sex discrimination is not the same conduct as race discrimination. *Cheek*, 31 F.3d at 501. The motion to dismiss Counts III and IV is GRANTED.

Count V alleges race discrimination for failure to promote Mr. Neish, in violation of 42 U.S.C. § 1981. Defendants move to

3

dismiss this claim, arguing that it is untimely. While § 1981 does not contain its own statute of limitations, it borrows the state period for personal injury tort claims. *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987). In Illinois, that period is two years. *See, e.g., Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 807 (7th Cir. 2000). Mr. Neish alleges in his complaint that defendants failed to promote him on November 15, 2000, and did not allow him to even interview for the position in question. While Mr. Neish argues that the time period for his claim did not begin to run until some much later time, his pleading of the date he was allegedly passed over and the fact that he was not permitted to interview places the beginning date for the statute of limitations at November 15, 2000. As Mr. Neish did not file his complaint until September 19, 2003, this claim is untimely. The motion to dismiss Count V is GRANTED.

Defendants move to dismiss the allegations with respect to Ms. Reyna-Hickey and Ms. Murray ("individual defendants") in Counts I, II, III, IV, and V. Defendants argue that individuals are not subject to suit under Title VII, and Mr. Neish concedes. The motion to dismiss Counts I, III, and IV with respect to the individual defendants is GRANTED. Defendants also argue that, with respect to Counts II and V, allegations against the individual defendants are duplicative of the charges against the City of Chicago. *See, e.g., Leahy v. Bd. of Trustees of Comm. Coll. Dist.*

4

*No. 508*, 912 F.2d 917, 922 (7th Cir. 1990). I agree. The motion to dismiss Counts II and V with respect to the individual defendants is GRANTED.

Finally, defendants move to strike Mr. Neish's prayer for punitive damages, with respect to the City of Chicago. *See, e.g., Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Mr. Neish concedes this point, and the prayer for punitive damages with respect to the City of Chicago is stricken.

                                              **ENTER ORDER:**

                                              */s/ Elaine E. Bucklo*

                                              **Elaine E. Bucklo**
                                              United States District Judge

Dated: February 2, 2004