Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6667 | **DATE** | 9/30/2004 |
| **CASE TITLE** | Neish vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendants' motion for summary judgment on all counts is granted. Accordingly, judgment is entered in favor of defendants and against plaintiff. Any pending motion in this case is terminated as moot. All schedules including pretrial conference set for 12/9/04 and trial set for 1/4/05 are also vacated. Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | number of notices: 3 | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | 34 |
| ✓ | Notices mailed by judge's staff. | | OCT 1 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | JXM docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9/30/04 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CLIVE W. NEISH,

    Plaintiff,

v.    No. 03 C 6667

CITY OF CHICAGO, BEA REYNA-HICKEY, individually and in her official capacity, and CATHERINE MURRAY, individually and in her official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Clive W. Neish, an African-American, was employed by defendant City of Chicago ("City") in an administrative capacity in the Department of Revenue, from February 1, 1991 until his termination on March 1, 2002. While employed with the City, Mr. Neish obtained his law degree and began practicing law part-time. During the relevant time, defendant Bea Reyna-Hickey was Director of the Department of Revenue and defendant Catherine Murray was a Deputy Director of that department as well as Mr. Neish's immediate supervisor.

In October 2000, Mr. Neish began working directly for Ms. Murray. At that time, Mr. Neish acknowledged that he had a part-time legal practice. Mr. Neish was instructed by Ms. Murray that he needed to complete a Dual Employment Form and that he should be aware of potential ethical conflicts. In January 2001, Ms. Murray

suspected that Mr. Neish was engaged in his legal practice during his working hours. After an investigation by the City's Inspector General, the City terminated Mr. Neish's employment in March 2002, stating that he had violated numerous City policies by engaging in secondary employment during working hours. Mr. Neish requested and received a three-day hearing regarding his termination, and in September 2002, the Personnel Board upheld the City's decision.

Mr. Neish, in an amended complaint, alleges that the City discriminated against him on the basis of his race by terminating him, in violation of Title VII, 42 U.S.C. § 2000e *et seq.* (Count I), and 42 U.S.C. § 1981 (Count II). Mr. Neish also claims that defendants discriminated against him on the basis of his race by failing to promote him, in violation of 42 U.S.C. § 1981 (Count III); that defendants violated his First Amendment right of free association by holding an unpublished blanket prohibition of secondary employment (Count IV); and that defendants violated his Fourteenth Amendment due process rights by terminating him for violating an unpublished rule regarding the use of vacation and personal time (Count V). Defendants move for summary judgment on all counts. I GRANT that motion.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090

(7th Cir. 1999); Fed. R. Civ. P. 56(c). Normally, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, in this case Mr. Neish has failed to comply with Local Rule 56.1, which requires him to file

> a concise response to the movant's statement that shall contain:
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Local Rule 56.1(b). Mr. Neish does file a statement purporting to be a response to defendants' Rule 56.1(a) filing, as well as his own statement of facts requiring the denial of summary judgment. However, neither statement makes any reference to the record, simply setting forth bare assertions of his denials or factual statements. Even if I treat his statement as a sworn affidavit (which it is not, but for purposes of this motion I will assume he would swear to the statements), most of his Rule 56.1 filing either admit defendants' statements or are inadequate without reference to documents or other support to controvert defendants' Rule 56 supported statements. All of the statements in the defendants' Rule 56.1(a) filing are therefore deemed admitted. Local Rule 56.1(b)(3)(B). *See, e.g., Brasic v. Heinemann's, Inc.*, 121 F.3d

3

281, 283-84 (7th Cir. 1997); *Midwest Imps., Ltd. v. Coval*, 71 F.3d 1311, 1316-17 (7th Cir. 1995).

In Counts I and II, Mr. Neish claims that the City discriminated against him on the basis of his race by terminating him, in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. In Count III, Mr. Neish claims that the City also discriminated against him by denying him an unspecified promotion, also in violation of 42 U.S.C. § 1981. To establish discrimination under either statute, Mr. Neish must provide evidence of discriminatory intent either through the direct method, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985), or through the indirect method presented in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[1] Mr. Neish presents no direct evidence of discrimination, and must therefore proceed under the *McDonnell Douglas* framework.

Under the indirect method, Mr. Neish must show that (1) he is a member of a protected class, (2) he was meeting the City's legitimate business expectations, (3) he suffered an adverse employment action, and (4) other similarly-situated employees, not of the protected class, were treated more favorably. *Ajayi v. Aramark Bus. Serv., Inc.*, 336 F.3d 520, 531 (7th Cir. 2003). The City agrees that Mr. Neish meets the first and third requirements:

---

[1] Title VII and § 1981 claims are evaluated under the same standards, *Bratton v. Roadway Pkg. Sys., Inc.*, 77 F.3d 168, 176 (7th Cir. 1996), and so I will consider these claims together.

4

he is African-American and termination (Counts I and II) or denial of a promotion (Count III) constitute an adverse employment action. The City contends, however, that Mr. Neish cannot meet the second or fourth requirements. I agree.

Mr. Neish argues that he was meeting the City's legitimate business expectations. Mr. Neish admits that he was terminated because of his violations of City policy, and offers only his own testimony as evidence that he was in fact meeting the City's expectations. His conclusory statements alone are insufficient to create a material factual dispute. *Rabinovitz v. Pena*, 89 F.3d 482, 487 (7th Cir. 1996). Furthermore, Mr. Neish cannot identify any similarly-situated employees who were more favorably treated than he was. With respect to his termination, Mr. Neish does identify John Sugrue, a white employee who also practiced law part-time, whom he claims was more favorably treated. However, Mr. Sugrue was investigated, just as Mr. Neish was, but resigned before the investigation was completed (and before any disciplinary action could be taken). Mr. Neish argues that the investigation of Mr. Sugrue was delayed, but presents no evidence to support his assertions. Mr. Neish's argument that the fact the City allowed Mr. Sugrue to resign shows discrimination is also unavailing.

With respect to his promotion claim, Mr. Neish identifies Tina Brown, a white female employee who was promoted to the position of Claims Manager on September 16, 2002 - more than six months after

Mr. Neish's termination. Mr. Neish identifies no promotion he was denied during his tenure with the City, and his argument that Ms. Brown was constructively promoted long before September 2002 is unsupported. I GRANT the defendants' motion for summary judgment with respect to Counts I, II, and III.

In Count IV, Mr. Neish alleges that the defendants violated his First Amendment right to freely associate by having an unpublished blanket prohibition of secondary employment while on vacation or other personal time. First, this allegation misconstrues the City policy which Mr. Neish was terminated for violating. The City policy which requires advance approval from one's supervisor before engaging in secondary employment was in fact published, and Mr. Neish admits receiving this policy in 1996. In addition, Mr. Neish was investigated and ultimately terminated for engaging in his legal practice during his working hours with the City. Second, to the extent Mr. Neish is claiming that he was fired in retaliation for exercising his rights under the First Amendment, he has failed to present evidence that any such exercise related to a matter of public concern. *Klug v. Chicago Sch. Reform Bd. of Trustees*, 197 F.3d 853, 857 (7th Cir. 1999). Defendants' motion for summary judgment with respect to Count IV is GRANTED.

Finally, in Count V, Mr. Neish alleges that the defendants have violated his due process rights under the Fourteenth Amendment by terminating him for violating an unpublished rule regarding the

use of vacation and personal time. First, as noted above, the policy regarding secondary employment was published. Second, a due process claim must be based on a violation of a protected property or liberty interest. *Smith v. Town of Eaton*, 910 F.2d 1469, 1471 (7th Cir. 1990), *cert. denied*, 499 U.S. 962 (1991). While it is unclear what property or liberty interest Mr. Neish claims has been violated, his claim fails regardless. If Mr. Neish is claiming that the relevant liberty interest is a right to engage in secondary employment, his claim fails as the liberty interest possessed by employees has never been expanded to require employers to make allowances for secondary employment. *See, e.g., Silk v. City of Chicago*, No. 95 C 143, 1997 WL 790598, at *14 (N.D. Ill. Dec. 17, 1997) (Coar, J.).

If, instead, Mr. Neish is relying on a property interest in his employment with the City, his claim fails, even assuming he possesses such an interest, because the City provided him with the requisite process, both pre- and post-termination. Due process requires that the employee with a property interest in continued employment be given notice and an opportunity to be heard before termination. *Smith*, 910 F.2d at 1472 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547 (1985)). In February 2002, the City provided Mr. Neish with a statement of the charges against him, along with an explanation of the evidence supporting those charges. Mr. Neish was given the opportunity to respond in writing

to those charges, and on February 25, 2002, Ms. Reyna-Hickey and Catherine Jones, Director of Personnel for the Department of Revenue, met with Mr. Neish to discuss both the City's statement and Mr. Neish's response. Mr. Neish was terminated on March 1, 2002. Further, Mr. Neish availed himself of the opportunity to challenge his termination in a hearing before the Personnel Board of the City of Chicago. That hearing took place over the course of three days: May 15, June 19, and July 2, 2002. Mr. Neish was represented by counsel at that hearing, testified on his own behalf, and was able to cross-examine the other witnesses. The Personnel Board then affirmed Mr. Neish's termination. Defendants have provided Mr. Neish with adequate notice and opportunity to be heard to satisfy due process. Defendants' motion for summary judgment with respect to Count V is GRANTED.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: September 30, 2004